IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEXTER PALMER, | |
| Plaintiff, | CIVIL ACTION NO.: 5:22-cv-39 |
| v. | |
| ELIZABETH MARTIN, et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Martin, Payne, Hattaway, and Cross for deliberate indifference to a serious medical need and his monetary damages claims against Defendants in their official capacities. However, I **FIND** Plaintiff's deliberate indifference claims against Defendants Clark, Hall, Hammock, and Turner may proceed.

### PLAINTIFF'S CLAIMS[1]

Plaintiff, a prisoner at Ware State Prison, alleges Defendants violated his Eighth Amendment rights through their deliberate indifference to his serious medical need. Doc. 1. Plaintiff describes a two-week-long period during which he was denied medical treatment, beginning when he slipped and fell in water leaking from underneath the prison floor on July 16,

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2020.  Id. at 7, 12–13.  Plaintiff waited for three hours for help from the prison staff, because the prison in "grossly understaffed."  Finally, Plaintiff got the attention of a correctional lieutenant, Defendant Timothy Hattaway, who contacted medical.  Id. at 10.  At medical, Defendant Elizabeth Martin, a physician assistant, told Plaintiff his hand looked broken but he would need an x-ray to confirm this.  Id. at 7.  Defendant Martin placed Plaintiff's arm in a sling, provided him Tylenol, and scheduled him for an x-ray the next day.  Id. at 7, 13.

On July 17, 2020, Plaintiff explains he told three prison officials he needed to be escorted to medical for his scheduled x-ray, but no one ever escorted him.  He told Defendant Toni Hammock, a correctional lieutenant, and she told Plaintiff she would inform the medical department.  Id. at 9, 13–14.  Plaintiff also encountered a correctional unit manager, Defendant Mike Payne, and a disciplinary investigator, Defendant Laura Cross, on July 17, 2020, and told them about his scheduled x-ray.  Defendant Payne made a note of Plaintiff's name and prison identification number in his phone, but Plaintiff was never escorted to medical.  Id. at 10–11, 14.

The next day, July 18, 2020, Plaintiff explains Defendant Hammock came to his dorm with a nurse, Defendant Melissa Hall, and told Plaintiff she forgot to tell medical about his x-ray the previous day.  Id. at 9.  Plaintiff showed Defendant Hammock and Defendant Hall his discolored, swollen hand, and in response, Defendant Hall gave him an icepack and told Plaintiff there was nothing she could do about it on a Saturday.  Id. at 8–9, 14.  Defendant Hammock told Plaintiff a broken hand is not a serious issue.  Id. at 9, 13.  Two days later, on July 20, 2020, Plaintiff spoke with Defendant Payne again, who informed Plaintiff he would have to wait until July 24, 2020, for an x-ray.  Id. at 10.

Plaintiff also explains on July 21, 2020, a physician assistant, Defendant Melissa Clark, and two nurses, Defendant Jennifer Turner and "Nurse Smith," came to see Plaintiff at his dorm.

Plaintiff showed the medical personnel his swollen hand with a bone visibly pushing against his skin, but Defendant Clark told Plaintiff a fractured hand is not a serious medical issue and prisoners are never sent for outside medical care for a fractured hand. Defendant Turner told Plaintiff "there's nothing can be done" until Plaintiff's swelling goes down, to which Plaintiff replied his hand had been swollen since July 16, 2020. However, Defendants did not treat Plaintiff and he was returned to his cell. Id. at 7–8, 13, 15.

Plaintiff says, although he was rescheduled for an x-ray on July 24, 2020, he did not receive an x-ray until the following week, and he was eventually transferred to a doctor outside of the prison in Reidsville on July 30, 2020. Plaintiff received emergency surgery on August 3, 2020. Id. at 11. Plaintiff claims he still has difficulties with his hand and it has healed with deformities because of his delayed medical care. Id. at 11, 15–16.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners. 28 U.S.C. § 1915A(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

I.  **Official Capacity Claims**

Plaintiff is suing Defendants in their official and individual capacities for monetary damages.  Doc. 1 at 3–6, 20.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Failure to Allege Deliberate Indifference

Plaintiff alleges he was denied emergency medical treatment when he informed jail officials of the injury to his hand.  Doc. 1 at 12.  Thus, Plaintiff's indifference to serious medical needs claim is based on delay.

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999).  To state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  To prove a deliberate indifference to medical treatment claim, a plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the constitutional violation and plaintiff's injury.  Id.

As to Defendants Martin, Payne, Hattaway, and Cross, Plaintiff fails to allege any deliberate indifference rising to the level of a violation of his constitutional rights.  Although Plaintiff's broken hand may have been a serious medical need, see Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (holding there is no dispute a broken foot can be a serious medical need); Minton v. Spann, No. 5:05-CV-89, 2007 WL 1099114, at *16 (N.D. Fla. Apr. 10, 2007) (holding a broken bone is a serious medical need), Plaintiff's allegations show no deliberate indifference on the part of these Defendants.  "Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

Plaintiff alleges, on the day of his injury, Defendant Martin provided him with a sling and Tylenol and scheduled him for an x-ray the next day so she could determine the seriousness of his injury. These allegations do not even describe negligence, let alone deliberate indifference. Plaintiff complains Defendant Martin could have immediately scheduled an emergency transfer to Augusta State Medical Prison, where Plaintiff was eventually sent for an MRI on October 13, 2021. Doc. 1 at 19. However, "it is well established that a difference in opinion or a disagreement between an inmate and prison officials as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs." John v. Cochran, Civil Action No. 13-0001, 2013 WL 5755189, at *9 (S.D. Ala. Oct. 22, 2013). "The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Owen v. Corizon Health Inc., 703 F. App'x 844, 849 (11th Cir. 2017) (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995)).

Plaintiff alleges Defendant Hattaway called medical on the day of Plaintiff's injury, but only after Plaintiff waited for three hours for Defendant Hattaway to come from another building. Plaintiff attributes this to the prison being "grossly understaffed." Doc. 1 at 10. However, Plaintiff does not sufficiently allege Defendant Hattaway deliberately delayed seeking treatment for Plaintiff. Plaintiff claims Defendant Hattaway later lied to another inmate about the availability of x-ray technicians on July 17, 2020, id., but any such statements by Defendant Hattaway after the fact do not indicate he was deliberately indifferent to Plaintiff's medical needs at the time of his injury.

Plaintiff claims he told Defendants Payne and Cross about his x-ray appointment on July 17, 2020, but Plaintiff was never escorted to medical for his x-ray.  However, Plaintiff does not sufficiently explain how these Defendants were directly responsible for his missed x-ray appointment or how their failure to get Plaintiff to his scheduled x-ray was any more than a negligent act.

To the extent Plaintiff seeks to hold Defendants Payne and Cross (or any other named Defendants) liable for the failures of their colleagues or subordinates, his claim also fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff has not sufficiently explained any causal connection between his informing Defendants Payne and Cross of his inury and the delay in his x-ray and treatment.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Martin, Payne, Hattaway, and Cross.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Martin, Payne, Hattaway, and Cross and his monetary damages claims against Defendants in their official capacities.  However, I **FIND** that Plaintiff's claims against Defendant Clark, Defendant Hall, Defendant Hammock, and Defendant Turner may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of October, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA