IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DEXTER PALMER,

      Plaintiff,

  v.

ELIZABETH MARTYN, et al.,

      Defendants.

CIVIL ACTION NO.: 5:22-cv-39

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Injunction Order and Motion for Preliminary Injection. Docs. 40, 43. Plaintiff also filed a Memorandum in Support of his Motion for Preliminary Injunction. Doc. 44. Defendants filed a Response. 47. For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motions. Docs. 40, 43.

On July 11, 2022, Plaintiff brought this 42 U.S.C. § 1983 action alleging Defendants, officials at Ware State Prison, violated his Eighth Amendment rights through their deliberate indifference to his serious medical need. Doc. 1. Plaintiff filed an Amended Complaint on January 9, 2023, which is now the operative Complaint in this case. Doc. 21. Plaintiff alleges he fell and broke his hand on July 16, 2020, and Defendants denied him adequate medical treatment until he was given urgent surgery on August 3, 2020. Id. at 13–18.

Plaintiff has filed two motions seeking injunctions. In the first motion, Plaintiff alleges Lieutenant Kim Stewart at Hays State Prison is denying him access to legal materials. Doc. 40. Plaintiff asks the Court to order Lieutenant Stewart to return his legal materials and stop

interfering with Plaintiff's access to his legal materials. Doc. 40. In the second motion, Plaintiff alleges various prison officials are retaliating against him on behalf of Defendants by "conspiring to manufacture [his] untimely death," denying Plaintiff law library time, denying him medical appointments, tampering with his legal mail, issuing him a "bogus disciplinary report," and by transferring him to Calhoun State Prison. Doc. 43. Plaintiff asks the Court to order his transfer back to Ware State Prison, order Defendants "to desist from hindering [Plaintiff] from litigating [his] civil suit," and order Defendants and their co-conspirators to stop "trying to manufacture Plaintiff's death." Id. at 9. Defendants argue Plaintiff is not entitled to a preliminary injunction because his motions concern non-parties and because Plaintiff fails to show he is entitled to a preliminary injunction. Doc. 47 at 2–5.

Plaintiff does not demonstrate he is entitled to a preliminary injunction. Plaintiff's Eighth Amendment claims against officials at Ware State Prison are before the Court, not Plaintiff's access to the law library at Hays State Prison or his transfer to Calhoun State Prison. The persons from whom the injunctive relief is sought must be parties to the underlying action. Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012). To the extent Plaintiff alleges Defendants or "their agents" are conspiring against him, "Plaintiff has no standing to seek an injunction directed a Defendants who work at [Plaintiff's former place of incarceration], as Plaintiff is no longer housed at their facility." Raby v. Adams, No. 6:19-CV-77, 2020 WL 8172707, at *3 (S.D. Ga. Dec. 22, 2020), *report and recommendation adopted*, 2021 WL 134621 (S.D. Ga. Jan. 13, 2021) (citing O'Shea v. Littleton, 414 U.S. 488, 495 (1974)). An injunction directing Defendants to stop conspiring to harm Plaintiff would serve no purpose. Plaintiff is no longer housed at Defendants' facility, and an injunction directing Defendants to uphold their

legal obligations is unnecessary.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's two Motions seeking injunctive relief, docs. 40, 43.

      **SO REPORTED and RECOMMENDED**, this 14th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA