IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEXTER PALMER,<br><br>   Plaintiff,<br><br>   v.<br><br>ELIZABETH MARTYN, et al.,<br><br>   Defendants. | CIVIL ACTION NO.: 5:22-cv-39 |

**O R D E R**

Plaintiff, a state prisoner proceeding pro se, has moved the Court to compel discovery responses from two sets of Defendants. Doc. 51. Defendants Turner and Smith ("the Nurse Defendants") oppose Plaintiff's Motion and show they have now responded to Plaintiff's discovery requests. Doc. 53. Defendants Martyn, Clark, Hall, Hammock, Payne, Hattaway, Cross, and Little ("the GDC Defendants") also oppose, stating they have not yet responded, but they assure the Court they will. Doc. 54. Considering the parties' submissions, I **GRANT in part** and **DENY in part** Plaintiff's Motion. The GDC Defendants shall respond to Plaintiff's discovery requests within seven days of this Order. The Court denies as moot Plaintiff's request regarding the Nurse Defendants.

Plaintiff states he submitted interrogatories and requests for production to all Defendants on January 28, 2023, but they have not responded. Doc. 51 at 1. Plaintiff states he asked Defendants' counsel about the discovery requests when counsel deposed him on June 27, 2023. Id. at 1–2. Plaintiff states Defendants' counsel initially denied receiving the requests but later acknowledged receipt.

Counsel for the Nurse Defendants now shows he responded to Plaintiff's discovery requests on July 20, 2023.  Doc. 53 at 1–2; Docs. 53-1 through 53-3.  Therefore, Plaintiff's request for the Nurse Defendants to respond is moot and will be denied.

Counsel for the GDC Defendants acknowledges receipt of the discovery requests and obligation to respond but argues Plaintiff's Motion is procedurally deficient.  Counsel for the GDC Defendants contends Plaintiff "has not complied with the applicable legal requirements" for a motion to compel and Plaintiff's Motion "concerns discovery already provided by co-defendants and/or discovery to which undersigned is diligently working with clients and the GDC to obtain."  Doc. 54 at 2.  Counsel for the GDC Defendants also explains he has experienced health issues "over the last couple of months . . . ."  Id.  Counsel for the GDC Defendants "acknowledge[s] that the discovery responses are still outstanding," but he is "now working to respond to those outstanding requests."  Id. at 4.

On this record, I conclude the GDC Defendants have failed to timely respond to Plaintiff's interrogatories and requests for admission.  See Fed. R. Civ. P. 33, 34.  When a party fails to answer an interrogatory or fails to produce a requested document or item, the Court may order that party to respond.  Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv); see also Boyd v. Experian Info. Solutions, Inc., Civil Action No.: 2:15-cv-2, 2016 WL 1239267, at *2 (S.D. Ga. Mar. 29, 2016) ("Upon a showing of good cause, a court may order discovery of any matter relevant to the subject matter involved in the action.") (internal citation and punctuation omitted).  Parties are required to make reasonable, good faith efforts to confer and resolve discovery disputes together, before the Court gets involved.  A party must also certify a good faith effort has been made before bringing a motion to compel.  Local R. 26.5.

2

Plaintiff shows good cause for the Court to order the GDC Defendants to provide the requested discovery responses.  The GDC Defendants admit they have not responded to Plaintiff's interrogatories and requests for production.  None of the GDC Defendants' arguments or explanations are grounds for denying Plaintiff's motion to compel.  The GDC Defendants argue Plaintiff did not comply with the good-faith certification requirement, arguing Plaintiff is "required to show a genuine effort to resolve the discovery dispute."  Doc. 54 at 3–4.  Plaintiff included the required good-faith certification with his Motion.  Doc. 51 at 3.  Plaintiff also conferred with counsel for Defendants during a deposition by asking them about the status of his discovery requests.  Id. at 1–2.  The GDC Defendants fail to show Plaintiff's conferral efforts were deficient.

In sum, Plaintiff makes a procedurally sufficient motion to compel the production of discovery.  The GDC Defendants have not produced the discovery and do not provide valid objections.  Therefore, I **GRANT in part** and **DENY in part** Plaintiff's Motion.  I **GRANT** Plaintiff's Motion to Compel as to the GDC Defendants.  Specifically, the GDC Defendants shall answer the interrogatories they received from Plaintiff and produce the documents and items requested in Plaintiff's requests for production **on or before October 4, 2023**.  The Nurse Defendants have shown they now responded to Plaintiff's discovery requests, so I **DENY** Plaintiff's Motion to Compel as moot as to these Defendants.

**SO ORDERED**, this 20th day of September, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA