IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEXTER PALMER,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH MARTYN, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:22-cv-39 |

**O R D E R**

Plaintiff filed a Motion to Compel, requesting the production of certain documents and video footage from Defendants Turner and Harris.[1] Doc. 72. Defendants Turner and Harris filed a Response in opposition. Doc. 75. For the reasons below, I **GRANT in part** and **DENY in part** Plaintiff's Motion to Compel. I **ORDER** Defendants Turner and Harris to produce the four written statements Plaintiff describes in his Motion **on or before December 22, 2023**. To the extent Defendants Turner and Harris are unable to provide these documents, they are **DIRECTED** to provide an affirmative statement they have conducted a diligent search and do not have possession, custody, or control of the requested documents. However, I **DENY** Plaintiff's request for video camera footage for the same reasons I previously denied the request.[2] See Doc. 71.

---

[1]    Defendant Nurse Kaylee Harris changed her name from "Kaylee Smith" to "Kaylee Harris." See Doc. 59-4 at 1 (Defendant Harris's affidavit in support of her motion for summary judgment). Plaintiff acknowledges this change in his Motion. Accordingly, I **DIRECT** the Clerk of Court to change Defendant "Nurse Kaylee Smith" to "Nurse Kaylee Harris" on the docket.

[2]    Plaintiff also makes an ambiguous statement about Defendants' objection to a request regarding another inmate's medical treatment. Doc. 72 at 7. It is unclear if Plaintiff is seeking any relief from the

Plaintiff is requesting materials in two categories: written statements made in 2020 and video surveillance footage recorded at Ware State Prison on July 21, 2020.  Plaintiff argues Defendants Turner and Harris failed to produce these materials in response to Plaintiff's request for production.  Doc. 72.  Defendants Turner and Harris argue they produced all of the relevant materials they have in response to Plaintiff's request for production.  Doc. 75.

**I.     Written Statements**

Plaintiff argues Defendants Turner and Harris withheld four written statements.  Doc. 72 at 1–5.  Defendants Turner and Harris produced some documents related to two grievances Plaintiff filed at Ware State Prison in 2020.  Doc. 72-1.  However, Plaintiff argues the written statements made by "Lt. Carver," "Sgt[.] Griner," Defendant Turner, and Defendant Harris are missing from the collection of documents about his grievances.

Plaintiff argues the grievance documents Defendants Turner and Harris did produce show the written statements are missing.  As to the first grievance, Plaintiff points to a related "Statement Request for Grievance Procedure" Defendants Turner and Harris produced.  Doc. 72-1 at 2.  This form appears to solicit written statements from Lt. Carver and Sgt. Griner about the grievance.  As to the second grievance, Plaintiff argues he filed the grievance against Defendants Turner and Harris, so they would have made written statements about his grievance when the grievance was adjudicated.  Doc. 72 at 3–4.

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." <u>Farnsworth v. Procter & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985).  Federal Rule of Civil Procedure 26 provides a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  When a party fails to

---

Court concerning this issue.  Regardless, Plaintiff fails to provide enough information about this request for the Court to rule on it.

produce a requested document or item, the Court may order that party to respond.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  "[A]n evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

Defendant Turner and Harris's Response to Plaintiff's Motion for the written statements is not sufficient.  Plaintiff identifies four specific documents and plausibly explains why the documents might exist and why Defendants Turner and Harris might possess the documents.  Indeed, Plaintiff points to documents these Defendants produced in discovery as a basis for showing more responsive documents might exist.  Defendants Turner and Harris respond "they have produced everything relevant to this case that is within their possession."  Doc. 75 at 1.  It is not clear whether Defendants Turner and Harris: (a) believe the supposed statements do not exist; (b) have the written statements but do not believe the statements are relevant; or (c) are aware of the statements but do not have possession, custody, or control of the documents.

Accordingly, I **GRANT** Plaintiff's request for the written statements of "Lt. Carver," "Sgt[.] Griner," Defendant Turner, and Defendant Harris Plaintiff requests in his Motion.  I **ORDER** Defendants Turner and Harris to produce them **on or before December 22, 2023**.  To the extent Defendants Turner and Harris are unable to provide these documents, they are **DIRECTED** to provide Plaintiff with an affirmative statement they have conducted a diligent search and do not have possession, custody, or control of the requested documents.

## II.   Video Camera Surveillance Footage

Plaintiff requests video surveillance footage from two cameras at Ware State Prison recorded on July 21, 2020.  Doc. 72 at 5–7.  I have already ruled on this request.  Plaintiff requested video surveillance footage from Defendants Turner and Harris in a motion for extension.  Doc. 63.  Defendants Turner and Harris represented the video footage "is not in their

possession, nor do they have any knowledge of such footage." Doc. 69 at 2. This is an affirmative statement of Defendant Turner and Harris's lack of possession, custody, or control of the video footage, so I denied Plaintiff's request. Doc. 71. Plaintiff has not offered any new information that would suggest the video footage exists or that Defendant Turner or Defendant Harris have possession, custody, or control of the footage. Accordingly, I **DENY** Plaintiff's instant request for video footage for the same reasons I previously denied the request.

**SO ORDERED**, this 12th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA