## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

DEXTER PALMER,

      Plaintiff,

    v.

ELIZABETH MARTYN, et al.,

      Defendants.

CIVIL ACTION NO.: 5:22-cv-39

### REPORT AND RECOMMENDATION

Defendants Turner and Harris filed a Motion for Summary Judgment. Doc. 59. Plaintiff filed a Response.[1] Doc. 82. Defendants Turner and Harris filed a Reply. Doc. 85. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants Turner and Harris's Motion for Summary Judgment, **DISMISS** Defendants Turner and Harris, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal as to these Defendants. I further **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

### BACKGROUND

Plaintiff, proceeding pro se, brought this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights while incarcerated at Ware State Prison. Doc. 1. Plaintiff filed an Amended Complaint, alleging deliberate indifference to a serious medical need against 10 Defendants, some medical personnel and some non-medical correctional officers. Doc. 21.

---

[1] Plaintiff's Response to Defendants' Motion for Summary Judgment addresses two motions for summary judgment: the first filed by Defendants Turner and Harris, doc. 59, and the second filed by Defendants Martyn, Clark, Hall, Hammock, Payne, Hattaway, Cross, and Little, doc. 67. In this Report, I consider Plaintiff's Response as it pertains to the first Motion for Summary Judgment.

Plaintiff alleged he was denied medical treatment for two weeks, beginning when he slipped and fell in water leaking under the prison floor on July 16, 2020.  Id. at 13–18.  Plaintiff saw a medical professional, Defendant Martyn, a few hours after the fall.  Id. at 13.  Defendant Martyn told Plaintiff his hand looked broken and arranged an x-ray for the next day.  Plaintiff was not taken for an x-ray the next day.  Id. at 13–14.  Plaintiff alleged he unsuccessfully pleaded with Defendant nurses and prison officials for days to be taken for an x-ray and treatment.  Id. at 14–17.  Plaintiff did not receive an x-ray until July 30, 2020.  A doctor diagnosed Plaintiff with a broken hand and performed surgery on August 3, 2020.  Id. at 18.  Plaintiff claimed his hand "healed deformed." Id. at 20.  Plaintiff seeks monetary damages and injunctive relief to have his hand "restructured."  Id.

After conducting frivolity review of Plaintiff's Amended Complaint, the Court permitted Plaintiff to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against the 10 named Defendants.  Doc. 31.

## UNDISPUTED MATERIAL FACTS

Defendants Turner and Harris submitted a Statement of Material Facts ("Defendants' SMF") in support of their Motion for Summary Judgment, in accordance with the Federal Rules of Civil Procedure and Local Rule 56.1.  Doc. 59-2.  Defendants' SMF relies on: Plaintiff's medical records, doc. 59-3; Defendant Harris's affidavit, doc. 59-4; Defendant Turner's affidavit, doc. 59-5; the record of a grievance Plaintiff filed, doc. 59-6; and the transcript of Plaintiff's deposition, doc. 59-7.

Plaintiff's Response to Defendants Turner and Harris's Motion for Summary Judgment does not include an SMF.  Doc. 82.  Plaintiff does not dispute any individual fact listed in Defendants' SMF.  Most of Plaintiff's own factual allegations and his general efforts to dispute

Defendant Turner and Harris's factual allegations are not supported by the record and, therefore, must be disregarded for the purpose of summary judgment.  See Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (stating plaintiff's "conclusory assertions . . ., in the absence of supporting evidence, are insufficient to withstand summary judgment"); see also Williams v. Slack, 438 F. App'x 848, 849–50 (11th Cir. 2011) (finding no error in deeming defendants' material facts admitted where pro se prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections).  Accordingly, the facts recited here represent the facts in the record and draw all reasonable inferences in the light most favorable to Plaintiff, the non-moving party.  See Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

Plaintiff was incarcerated at Ware State Prison in Waycross, Georgia, on July 16, 2020. Doc. 59-3 at 37.  At approximately 12:00 p.m., Plaintiff slipped and fell on a wet part of the floor.  Doc. 59-7 at 38.  Plaintiff injured his right hand when he fell.  Doc. 59-3 at 34–35.  Later that day, Defendant Elizabeth Martyn, a nurse practitioner, examined Plaintiff.  Id.  Defendant Martyn noted Plaintiff's right hand was swelling and appeared fractured.  Id.  Defendant Martyn ordered an x-ray for the following day for a further evaluation of Plaintiff's hand.  Id. at 35. Defendant Martyn gave Plaintiff Tylenol for pain and put Plaintiff's hand in a sling to help with treatment.  Doc. 59-7 at 46.

Plaintiff did not receive an x-ray on July 17, 2020.  Id. at 61.  An off-site consultant conducted x-rays at Ware State Prison.  Doc. 59-3 at 35; Doc. 59-5 at 3.  Ware State Prison was put on lockdown on July 17, 2020, as the result of a murder from gang violence.  Doc. 59-5 at 3; Doc. 59-7 at 49.  Due to the lock down, off-site services such as x-ray technicians would have

most likely had to leave early.  Doc. 59-5 at 3.  Prisoners were confined to their cells.  Doc. 59-7 at 49.  The lockdown lasted from approximately July 17, 2020, to July 30, 2020.  Id. at 50.

Defendants Turner and Harris are licensed practical nurses.  Doc. 59-4 at 2; Doc. 59-5 at 2.  On July 21, 2020, Defendant Harris was conducting pill call at Ware State Prison with Defendant Turner's assistance.  Doc. 59-4 at 2; Doc. 59-5 at 2.  During pill call, both nurses would have provided medications to hundreds of patients.  Doc. 59-4 at 2; Doc. 59-5 at 2.  If a patient shows a nurse on pill call an injury or fractured hand, the nurse is to tell the patient to request a sick call appointment with the prison's medical department for treatment.  Doc. 59-4 at 2; Doc. 59-5 at 2.  If a patient is in obvious distress with a life-threatening condition, the nurse should alert an officer to escort the patient to get immediate medical attention.  Doc. 59-4 at 3; Doc. 59-5 at 2–3.  A fractured or broken hand would not be considered a life-threatening condition.  Doc. 59-4 at 3; Doc. 59-5 at 3.

While pill call was being conducted, Plaintiff was taking a shower.  Doc. 59-7 at 79.  A correctional officer escorted Plaintiff to Defendants Turner and Harris for an examination.  Id. at 111.  Plaintiff was not wearing his sling.  Id. at 131.  Plaintiff did not request Tylenol.  Id.  Plaintiff requested immediate care outside of the prison for an x-ray.  Id. at 111.  Patients are rarely sent outside of the prison for care unless they are having surgery or have a life-threatening condition.  Doc. 59-5 at 3.

Plaintiff was taken to Reidsville State Prison on July 30, 2020, to see a doctor.  Doc. 59-3 at 34.  The doctor conducted an x-ray of Plaintiff's right hand and found it to be broken.  Id. at 30, 34.  The doctor ordered an open reduction and internal fixation procedure for Plaintiff's right hand.  Id. at 34.

A doctor performed surgery on Plaintiff's hand on August 3, 2020.  Id. at 27–28.

Plaintiff's hand was treated with physical therapy and ibuprofen in the following months.  Id. at

10–25.  Plaintiff received an x-ray on September 11, 2020, showing his fracture was healing.  Id.

at 38.  Another x-ray on September 24, 2020, revealed no fractures.  Id. at 39–40.  Plaintiff

completed physical therapy by November 20, 2020.  Id. at 10–11.  A March 29, 2021 orthopedic

evaluation revealed Plaintiff's hand was healed.  Id. at 1–2.

## DISCUSSION

### I.    Standard of Review

Summary judgment "shall" be granted if "the movant shows that there is no genuine

dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is

inappropriate if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury

question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); and Verbraeken v. Westinghouse

Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the non-

moving party] is merely colorable or is not significantly probative, summary judgment must be

granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any

material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co. v. Philip

Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify

the portions of the record which establish there are no "genuine dispute[s] as to any material fact

and the movant is entitled to judgment as a matter of law."  Moton v. Cowart, 631 F.3d 1337,

1341 (11th Cir. 2011).  When the non-moving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the non-moving party would be unable to prove his case at trial.  See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).

Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial.  Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the non-moving party.  Peek-A-Boo Lounge, 630 F.3d at 1353.  As the Eleventh Circuit Court of Appeals has explained, "The facts at the summary judgment stage are not necessarily the true, historical facts or what a jury may ultimately find.  Instead, the facts at this stage are what a reasonable jury could find from the evidence . . . viewed in the light most favorable to the non-moving party."  Johnson v. City of Miami Beach, No. 20-10834, 2021 WL 5414410, at *1 (11th Cir. Nov. 19, 2021).

## II.    Legal Standard for Eighth Amendment Claims

The Eighth Amendment "prohibits 'deliberate indifference to serious medical needs of prisoners.'"  Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 103–04 (1976)).  To establish liability for a deliberate indifference claim, a plaintiff inmate must "shoulder three burdens."  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).  The plaintiff inmate must demonstrate: (1) he had a serious medical need; (2) the defendant prison official acted with deliberate indifference; and (3) the defendant's wrongful conduct caused the plaintiff injury.  Id.

As to the second requirement—that the defendant acted with deliberate indifference—the plaintiff inmate must show the defendant acted with "subjective recklessness as used in the

criminal law." Wade v. McDade, 106 F.4th 1251, 1253 (11th Cir. 2024) (quoting Farmer v. Brennan, 511 U.S. 825, 839, 844–45 (1994)). That means the plaintiff must show the defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff . . . ." Id. at 1262. In addition to this subjective awareness, the plaintiff inmate must show the defendant disregarded the risk by acting or failing to act in an *objectively* reasonable way. Id. (J. Jordan, concurring). Consequently, regardless of the defendant's subjective belief, a defendant will not be liable if he "responded reasonably" to the substantial risk. Id at 1253.

Because a defendant violates the Eighth Amendment only when he acts with subjective recklessness, mere medical malpractice or negligence are not constitutional violations. Estelle v. Gamble, 429 U.S. 97, 103–04 (1976). Medical prison officials are entitled to utilize their medical judgment when treating inmates. See id. at 107. Therefore, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not constitute a constitutional violation. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)); Sifford v. Ford, 701 F. App'x 794, 795 (11th Cir. 2017) (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)).

## III.    Analysis

Defendants Turner and Harris argue they are entitled to summary judgment because undisputed material facts demonstrate they did not act with deliberate indifference. Doc. 59-1 at 10–18. Defendants argue there is no evidence they acted in an objectively unreasonable way and

there is no evidence they acted with subjective recklessness.[2]  Id.  Defendants also argue there is an absence of any proof their conduct caused Plaintiff any injury.  Id.

Plaintiff opposes Defendants' Motion.  Doc. 82.  Plaintiff argues there are genuine disputes of material fact about Defendant Turner and Harris's actions, so they are not entitled to summary judgment.  Id. at 6–7.

### A.    Plaintiff Fails to Point to Evidence of Defendants' Subjective Recklessness

Plaintiff presents no evidence Defendants Turner and Harris were subjectively aware their own conduct would cause Plaintiff a substantial risk of serious harm or these Defendants failed to act in an objectively reasonable way.  Defendants Turner and Harris say Plaintiff briefly saw Plaintiff during pill call July 21, 2020.  It is unclear if Turner or Harris examined Plaintiff's hand at that time, but it is undisputed Plaintiff made them aware of his injury.  Ultimately, Defendants Turner and Harris determined Plaintiff did not need immediate treatment.  Plaintiff has not pointed to any evidence Defendants Turner and Harris acted in any objectively unreasonable way.  Even if Defendants Turner and Harris were wrong in their conclusions about the need for immediate treatment, that error might—at most—constitute medical malpractice. But there is no evidence these Defendants acted with subjective recklessness as that term used in criminal law.  Plaintiff points to no other act or omission of Defendants Turner and Harris that may have caused a substantial risk of serious harm.

Plaintiff argues there is a dispute of fact about what happened on July 21, 2020, because Defendants Turner and Harris say they do not remember seeing Plaintiff.  Doc. 82 at 7.  Plaintiff

---

[2]    Defendants argue the evidence fails to demonstrate they acted with "more than gross negligence." Doc. 59-1 at 8.  Defendants filed their brief before Wade was decided and understandably invoked the now-discarded "more than gross negligence" language.  Even so, the Court can reasonably read Defendants' Motion to attack Plaintiff's proof on the subjective component of the deliberate indifference standard, which is described in Wade as "subjective recklessness as used in the criminal law."

raises no dispute of a material fact.  Defendants Turner and Harris support their factual

contentions about their interaction with Plaintiff using Plaintiff's own deposition.  The Court

views those facts in the light most favorable to Plaintiff, finding Defendants Turner and Harris

saw Plaintiff during pill call on July 21, 2020, and were made aware of Plaintiff's injury, as

Plaintiff contends.  Plaintiff fails to show deliberate indifference because the evidence—his own

testimony—does not show Defendants Turner and Harris acted with subjective recklessness.

Although Defendants Turner and Harris saw Plaintiff on July 21, 2020, there is no evidence to

suggest these Defendants knew their conduct would expose Plaintiff to a substantial risk of

serious harm.

Because Plaintiff has presented no evidence showing Defendants Turner and Harris acted

with subjective recklessness or failed to act in an objectively reasonable way, Defendants Turner

and Harris are entitled to summary judgment.

### B.    Plaintiff Fails to Point to Any Evidence Demonstrating Causation

Even if Plaintiff could prove the first two elements of the deliberate indifference test, he

fails to point to any evidence that shows conduct by Defendants Turner and Harris caused his

injuries.

A plaintiff seeking to show a delay in medical treatment amounted to deliberate

indifference "must place verifying medical evidence in the record to establish the detrimental

effect of the delay in medical treatment to succeed."  Hill v. DeKalb Reg'l Youth Det. Ctr., 40

F.3d 1176, 1188 (11th Cir. 1994), overruled on other grounds by Hope v. Pelzer, 536 U.S. 730,

739 (2002); see also Owen v. Corizon Health Inc., 703 F. App'x 844, 847 (11th Cir. 2017).

It is undisputed Plaintiff received an x-ray on his broken hand several days later, on July

30, 2020, and a doctor operated on his hand on August 3, 2020.  Doc. 59-3 at 27–28, 30, 34.

Plaintiff argues Defendants Turner and Harris delayed his treatment because these Defendants refused to facilitate an x-ray on July 21, 2020, when they saw Plaintiff at pill call. However, Plaintiff has presented no medical evidence that any delay in treatment had any detrimental effect. There is nothing to show the nine-day delay between the time Plaintiff saw Defendants Turner and Harris and when Plaintiff received an x-ray caused Plaintiff any further injury beyond his fracture. While Plaintiff suggests the delay in treating his hand "caused his hand to heal deformed," doc. 21 at 20, there is no evidence in the record supporting this assertion. In fact, Plaintiff's medical record indicates the opposite: his hand healed, and he required only routine follow-up care. Doc. 59-3 at 1–2. Plaintiff provided a treatment record showing he received a second surgery on February 22, 2021, to remove a suture from his hand retained from the first surgery. Doc. 82-6. There is nothing to suggest a delay in Plaintiff's initial treatment caused the retention of the suture or any other detrimental effect that had to be addressed with the second surgery. Thus, Defendants Turner and Harris are entitled to summary judgment because Plaintiff has failed to show they caused him injury.

## IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address this issue now. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Defendants Turner and Harris's Motion for Summary Judgment, **DISMISS** Defendants Turner and Harris, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal as to these Defendants.  I further **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a

party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 14th day of August, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA