# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

DEXTER PALMER,

        Plaintiff,

   v.

ELIZABETH MARTYN, et al.,

        Defendants.

5:22-cv-39

## ORDER

The Magistrate Judge issued two Reports and Recommendations ("R&Rs"), recommending that the Court grant Defendants Turner and Harris's Motion for Summary Judgment and grant the State Defendants' Motion for Summary Judgment.[1]   Dkt. Nos. 91, 92. Plaintiff filed Objections to both R&Rs.  Dkt. Nos. 93, 94.  For the following reasons, I **OVERRULE** Plaintiff's Objections. Additionally, after an independent and de novo review of the entire record, I concur with and **ADOPT** the Magistrate Judge's R&Rs as the opinions of the Court.  I **GRANT** Defendants' Motions for Summary Judgment, **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[1]    The State Defendants are Defendants Martyn, Hammock, Clark, Cross, Little, Hall, and Hattaway.

**BACKGROUND**[2]

Plaintiff asserts he slipped on a wet floor at Ware State Prison and injured his hand on July 16, 2020. Defendant Martyn, a nurse practitioner, examined Plaintiff later that day and noted swelling in Plaintiff's hand and Plaintiff's hand appeared to be broken. Defendant Martyn ordered an x-ray of Plaintiff's hand, gave Plaintiff Tylenol, and put Plaintiff's hand in a sling. Dkt. No. 59-3 at 34–35, 37; Dkt. No. 59-7 at 38, 46. Plaintiff was not sent for an x-ray the following day due to the prison being placed on lockdown after a murder at the prison. Dkt. No. 59-5 at 3.

Defendants Turner and Harris are licensed practical nurses. A correctional officer took Plaintiff to see Defendants Turner and Harris four days after his fall. Plaintiff was not wearing his sling and did not request Tylenol during that visit. Dkt. No. 59-7 at 111, 131. Though Plaintiff asked to be taken outside of the prison for an x-ray immediately, Defendants Turner and Harris stated patients are rarely sent outside of the prison for medical care unless they are having surgery or have a life-threatening condition, and a broken bone is not considered to be a life-threatening condition. Dkt. No. 59-5 at 3; Dkt. No. 59-4 at 3.

---

[2]   The facts in this Section are the undisputed facts the Magistrate Judge identified as being relevant to the summary judgment motions and also are relevant to Plaintiff's Objections.

Plaintiff was taken to another prison on July 30, 2020. At that time, a doctor took an x-ray of Plaintiff's hand and stated it was broken. Dkt. No. 59-3 at 30, 34. Plaintiff had surgery on August 3, 2020. Plaintiff took ibuprofen and received physical therapy in the months that followed. Plaintiff completed physical therapy in November 2020. Plaintiff's hand was considered healed during an orthopedic evaluation four months after Plaintiff completed physical therapy. Id. at 10-25, 27, 28. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. Dkt. Nos. 1, 21.

### LEGAL STANDARD

In reviewing an R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." See Macort,

3

208 F. App'x at 784.  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&Rs to which Plaintiff objects and has reviewed the remainder of the R&Rs for clear error.

**DISCUSSION**

**I.   Plaintiff's Objections to the Magistrate Judge's R&R on Defendants Turner and Harris's Motion for Summary Judgment**

The Magistrate Judge determined Plaintiff presented no evidence that Defendants Turner and Harris were subjectively aware their conduct would cause a substantial risk of serious harm to Plaintiff or that Defendants failed to act in an objectively reasonable way.  Dkt. No. 91 at 8-9.  In reaching this conclusion, the Magistrate Judge relied on Plaintiff's deposition testimony. Plaintiff's testimony showed Defendants Turner and Harris knew Plaintiff injured his hand on July 21, 2020, but there was no evidence Defendants Turner and Harris acted unreasonably in response.   In addition, the Magistrate Judge noted, even if Plaintiff could prove the other elements of a deliberate indifference claim, he failed to point to any evidence that showed Defendants Turner and Harris's conduct caused Plaintiff any further injury.  Id. at 9-10.

In his Objections, Plaintiff contends he raised non-frivolous claims against Defendants Turner and Harris and the Magistrate Judge failed to apply the governing law.  Dkt. No. 93 at 2.

4

Plaintiff also objects to the Magistrate Judge's conclusion that there is no evidence Defendants Turner or Harris acted in an objectively unreasonable way.   Id. at 6.   Plaintiff contends the nine-day delay between when Defendants Harris and Turner saw Plaintiff and when his hand was x-rayed "proves that the delay caused unnecessary pain and suffering." Id. at 9.   Plaintiff also accuses the Magistrate Judge of being unfair in reaching his conclusions because the Magistrate Judge "pointed out the obvious that . . . [Defendants] Turner and Harris were wrong in their conclusion about the need to immediate treatment." Id. at 10.

I have conducted a de novo review of the portions of the Magistrate Judge's R&R to which Plaintiff objects, and I have reviewed the remainder of the R&R for clear error.   In his Objections, Plaintiff does not identify any error of law the Magistrate Judge made.   Plaintiff also fails to identify any genuine dispute about any material fact that would preclude the entry of summary judgment in favor of Defendants Turner and Harris. Notably, although Plaintiff responded to the Motion for Summary Judgment, he did not present his own statement of material facts, as required.   Dkt. No. 82.   Plaintiff largely rehashes the arguments he made in his opposition to Defendants' Motion for Summary Judgment, which the Magistrate Judge fully considered and rejected.   Plaintiff may disagree with the Magistrate Judge's conclusions, but such disagreement is not enough to show the

Magistrate Judge erred in his application of the controlling law to the undisputed, material facts or the Magistrate Judge has any bias for or against any party. Therefore, the Court **OVERRULES** Plaintiff's Objections to the R&R issued on Defendants Turner and Harris's Motion for Summary Judgment. I accept and adopt the Magistrate Judge's recommendation to grant this Motion for Summary Judgment.

## II. Plaintiff's Objections to the Magistrate Judge's R&R on the State Defendants' Motion for Summary Judgment

In the second R&R, the Magistrate Judge determined the State Defendants (Martyn, Hammock, Clark, Cross, Little, Hall, and Hattaway) are entitled to summary judgment on Plaintiff's deliberate indifference claims against them. Dkt. No. 92.

After Plaintiff slipped and fell at the prison on July 16, 2020, he saw Defendant Martyn, who provided treatment to Plaintiff and arranged for him to have an x-ray. As noted, Plaintiff did not have an x-ray the next day due to a fatal inmate-on-inmate incident that led to a lockdown at the prison. Id. at 4. Plaintiff was able to speak to the remaining State Defendants, some of whom are non-medical personnel, from July 17, 2020, until he went to an outside facility for an x-ray on July 30, 2020. For instance, Defendant Payne, a non-medical correctional officer, told Plaintiff he would call the medical unit but did not. Id. at 16-17. Additionally, Defendant Hall, a nurse at the prison, gave Plaintiff Tylenol and an ice pack. Id. at 5-6.

6

The Magistrate Judge determined the medical Defendants
(Martyn, Hall, and Clark) are entitled to summary judgment because
Plaintiff presented no evidence these Defendants' actions or
inaction caused Plaintiff a substantial risk of serious harm or
intentionally delayed treatment.  Id. at 11-14.  The Magistrate
Judge also determined Plaintiff failed to show a genuine dispute
of material fact as to his deliberate indifference claims against
the non-medical Defendants (Hattaway, Payne, Cross, Hammock, and
Little), as Plaintiff failed to properly dispute whether these
Defendants acted in a subjectively reckless manner or failed to
act in an objectively reasonable way.  Id. at 15-19.  For all of
the State Defendants, the Magistrate Judge concluded Plaintiff
pointed to no evidence the State Defendants' actions or inaction
caused Plaintiff's injuries, even if he had proven the other
elements of the deliberate indifference test.  Id. at 20-21.

In his Objections, Plaintiff contends Defendant Martyn
checked "urgent" on the July 16, 2020 medical form, which,
according to Plaintiff, shows he had a serious medical need and
needed to have an x-ray as soon as possible.  Dkt. No. 94 at 2, 5.
Plaintiff states he presented evidence showing his broken hand was
a serious medical need and the State Defendants were deliberately
indifferent to his need.  Id. at 3-4.

The Magistrate Judge noted Plaintiff's argument Defendant
Martyn knew Plaintiff needed urgent care based on the medical

records, but the Magistrate Judge observed this evidence did not show Defendant Martyn was subjectively reckless.  Dkt. No. 92 at 12.   The Magistrate Judge stated Defendant Martyn's handwritten notes on this document (dkt. no. 82-1) reveal no indication of a medical urgency or emergency requiring immediate attention beyond Defendant Martyn's own treatment of Plaintiff's hand.   Id. Although the Magistrate Judge clearly determined Plaintiff fails to show Defendant Martyn was deliberately indifferent to Plaintiff's serious medical needs, I offer further clarification on the point Plaintiff raises in his Objections.

On the consultation form dated July 16, 2020, Defendant Martyn did check "urgent" for the orthopedic consultation request. Dkt. No. 82-1 at 1.  However, the only choices for the consultation request form were "urgent" and "routine."  The "urgent" check only indicates the request was not routine.  Defendant Martyn indicated an x-ray was needed to determine whether Plaintiff's hand was broken.  Even so, this is no indication an x-ray was to be taken immediately, and, in fact, there is no indication on this form the x-ray was to be taken the next day.  Id.  Defendant Martyn provided no indication Plaintiff's injury was or was not a serious medical need requiring any further care at the time she examined him and she did provide some care to Plaintiff.  Id.  Ultimately, on July 30, 2020 (the date Plaintiff had an x-ray), the consultant

recommended Plaintiff receive urgent follow-up care, and Plaintiff stayed at the outside facility to receive that care.  Id.

I have conducted a de novo review of the portions of the Magistrate Judge's R&R to which Plaintiff objects, and I have reviewed the remainder of the R&R for clear error.  In his Objections, Plaintiff does not identify any error of law made by the Magistrate Judge.  Plaintiff also fails to identify any genuine dispute about any material fact that would preclude the entry of summary judgment in favor of the State Defendants.  Notably, although Plaintiff responded to the State Defendants' Motion for Summary Judgment, he did not present his own statement of material facts, as required.  Dkt. No. 82.  As with his Response to the other Defendants' Motion for Summary Judgment, Plaintiff focuses his arguments in his Objections on whether his broken hand is a serious medical need.  Dkt. Nos. 82, 94.  The State Defendants did not challenge this part of Plaintiff's deliberate indifference claim, nor did the Magistrate Judge analyze this portion of Plaintiff's claim.  Dkt. Nos. 67, 88, 92.  Ultimately, Plaintiff may disagree with the Magistrate Judge's conclusions, but such disagreement is not enough to show the Magistrate Judge erred in his application of the controlling law to the undisputed, material facts or the Magistrate Judge has any bias for or against any party.  Therefore, the Court **OVERRULES** Plaintiff's Objections to the R&R issued on the State Defendants' Motion for Summary

Judgment.  I accept and adopt the Magistrate Judge's recommendation
to grant this Motion for Summary Judgment.

### CONCLUSION

After an independent and de novo review of the entire record,
I concur with and **ADOPT** the Magistrate Judge's Reports and
Recommendations as the opinions of the Court.  I **GRANT** Defendants'
Motions for Summary Judgment, **DISMISS** Plaintiff's Complaint,
**DIRECT** the Clerk of Court to **CLOSE** this case and enter the
appropriate judgment of dismissal, and **DENY** Plaintiff *in forma
pauperis* status on appeal.

**SO ORDERED**, this 12 day of September, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA